IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELIDA YEPEZ-ALVAREZ,<br><br>Defendant. | No. CR16-0037<br><br>REPORT AND RECOMMENDATION CONCERNING PLEAS OF GUILTY |

On the 23rd day of June 2016, the defendant, by consent, appeared before the court pursuant to FED. R. CRIM. P. 11, and entered pleas of guilty to Counts 2 and 4 of the Indictment. After cautioning and examining the defendant under oath concerning each of the subjects mentioned in FED. R. CRIM. P. 11, the court determined that the guilty pleas were knowing and voluntary, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses. The court therefore RECOMMENDS that the pleas of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly.

At the commencement of the FED. R. CRIM. P. 11 proceeding, the defendant was placed under oath and advised that if she answered any questions falsely, she could be prosecuted for perjury or for making a false statement.

The court then asked a number of questions to ensure the defendant's mental capacity to enter the pleas. The defendant stated her full name, her age, and the extent of her schooling. The court determined that the defendant could understand the proceedings through an interpreter who assisted the defendant in these proceedings. The court inquired into the defendant's history of mental illness and addiction to controlled substances. The court further inquired into whether the defendant was under the influence of any drug,

medication or alcoholic beverage at the time of the pleas. From this inquiry, the court determined that the defendant was not suffering from any mental disability that would impair her ability to make a knowing, intelligent and voluntary pleas of guilty to the charges.

The defendant acknowledged that she had received a copy of the Indictment and that she had fully discussed these charges with her attorney.

The defendant was then fully advised of her right not to plead guilty and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have her case tried by a jury selected from a cross-section of the community;

4. That she would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the government could prove each and every element of the offense beyond a reasonable doubt;

5. That the government could call witnesses into court, but that her attorney would have the right to confront and cross-examine these witnesses;

6. That the defendant would have the right to see and hear all witnesses presented at trial;

7. That the defendant would have the right to subpoena defense witnesses to testify at the trial and that if she could not afford to pay the mileage and other fees to require the attendance of these witnesses, the government would be required to pay those costs;

8. That the defendant would have the privilege against self incrimination, i.e., that she could choose to testify at trial, but that she need not do so, and that if she chose not to testify, the court would, if she requested, instruct the jury that she had a constitutional right not to testify;

2

9. That any verdict by the jury would have to be unanimous;

10. That she would have the right to appeal (unless the defendant waived her right to appeal as set forth in the plea agreement, if any), and that if she could not afford an attorney for the appeal, the government would pay the costs of an attorney to prepare the appeal.

The defendant was also advised of the rights she would waive by entering pleas of guilty. The defendant was told that there would be no trial, that she would waive all the trial rights just described and be adjudged guilty without any further proceedings except for sentencing.

The court summarized the charges against the defendant, and listed the elements of the crimes. The court determined that the defendant understood each and every element of the crimes, and ascertained that defendant's counsel had previously explained each and every element of the crimes to the defendant, and defendant's counsel confirmed that the defendant understood each and every element of the crimes charged.

The court then elicited a full and complete factual basis for all of the elements of the crimes charged in Counts 2 and 4 of the Indictment.

The court determined that the defendant was pleading guilty under a plea agreement with the government. After confirming that a copy of the written plea agreement was in front of the defendant and her attorney, the court determined that the defendant had read the plea agreement. The Assistant United States Attorney then offered the plea agreement, and the court made certain that the defendant understood its terms.

The court advised the defendant of the consequences of her pleas, including an extensive discussion of the maximum punishment possible and any applicable mandatory sentencing considerations, and the probability that she would be deported.

The defendant indicated that she had fully conferred with counsel and that she was fully satisfied with her counsel. The defendant's attorney had full access to the government's discovery materials that supported a factual basis for the pleas.

3

The defendant then confirmed that her decision to plead guilty was voluntary, that the decision to plead guilty was not the result of any promises other than plea agreement promises, that no one had promised her what the sentence would be, and that her decision to plead guilty was not the result of any threats, force or anyone pressuring her to plead guilty.

The defendant then confirmed that she still wished to plead guilty, and pleaded guilty to Counts 2 and 4 of the Indictment.

The court finds the following with respect to the defendant's guilty pleas:

1. The guilty pleas are voluntary, knowing, not the result of force, threats or promises except plea agreement promises, and the defendant is fully competent.

2. The defendant is aware of the maximum punishment.

3. The defendant knows her jury rights.

4. The defendant has voluntarily waived her jury rights.

5. There is a factual basis for the pleas.

6. The defendant is in fact guilty of the crimes to which she is pleading guilty.

Defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant was asked to provide the information requested by the United States Probation Office to prepare the presentence investigation report. The defendant was advised of her right to have an attorney present during this process. The defendant was told that she and her counsel would have an opportunity to read the presentence report before the sentencing hearing, and that she and her counsel would be afforded the opportunity to be heard at the sentencing hearing.

The defendant was advised that the failure to file written objections within 14 days of the date of its service would bar her from attacking this court's Report and

Recommendation recommending that the assigned United States District Judge accept her plea of guilty.

DATED this 23rd day of June, 2016.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA